438 So.2d 1137 (1983)
Ethel Bell Williams, Widow of David JOHNSON, Individually and as the Administratrix of her Daughter Fran Johnson's Estate
v.
Calvin N. FOLSE and Aetna Insurance Company.
No. 82-CA-1011.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Frank S. Bruno, Bruno, Bruno & Blouin, New Orleans, for plaintiff Ethel B. Williams.
Arthur H. Andrews, Richard T. Reed, Franklin, Moore & Walsh, Baton Rouge, for *1138 defendant Aetna Insurance Co., Calvin N. Folse.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Defendants appeal the trial court's judgment awarding plaintiff $145,000.00 for the wrongful death of her daughter, Fran Johnson. We affirm.

BACKGROUND FACTS
Fran Johnson, decedent, was killed in an auto accident when the vehicle she was driving collided with a backhoe that had broken loose from an oncoming trailer, pulled by Calvin Folse's truck. Plaintiff, decedent's mother, filed suit against Folse and his insurer, Aetna Insurance Company, seeking to recover the loss of love and affection of Fran, the loss of future support, and the conscious pain and suffering experienced by Fran prior to her death.
The case was tried before a jury, which found Folse negligent and awarded plaintiff $175,000.00 in damages. However, the trial court ordered a new trial solely on the issue of damages. A second jury then returned an in globo award of $145,000.00 for plaintiff's damages.
Defendants appealed this second award, arguing that it is excessive and should be reduced to $50,000.00.
Defendants contend that the in globo award of $145,000.00 is for plaintiff's alleged loss of love and affection because the financial support given plaintiff by decedent was minimal, and because the record indicates that decedent died instantly upon impact and endured no pain and suffering. For purposes of this appeal, the award will be treated as being made solely for plaintiff's loss of love and affection.

QUANTUM
The sufficiency or insufficiency of an award for damages should be determined by the facts and circumstances peculiar to the case. Before an award may be questioned as inadequate or excessive, the reviewing court must look to the individual circumstances of the instant case. This initial inquiry must be directed at whether the award for the particular injuries and their effects upon the particular injured person is a clear abuse of the trier of fact's much discretion. Reck v. Stevens, 373 So.2d 498 (La.1979).
In this initial determination of excessiveness or insufficiency, an examination of prior awards has a limited function and may serve as an aid in this determination only when the present award is greatly disproportionate to the mass of awards in prior cases involving closely similar injuries, facts and circumstances. Reck, supra.
An examination of the record in this case reveals that Fran and her mother, a widow, enjoyed a close relationship. Fran, 20 years old at her death, was plaintiff's youngest daughter and lived at home along with two brothers and two sisters. A student at Nicholls State University, she had vowed to help her mother in any way possible, and hoped some day to build a house for her. She often shared some of her part-time earnings with plaintiff.
Fran's sister testified that plaintiff continues to keep Fran's room as it was when she was alive, and that plaintiff still fixes a place for Fran at the dinner table. Plaintiff testified that it is hard for her to accept Fran's death, and that often she thinks Fran will return.
It is clear from the foregoing that plaintiff and decedent shared a close, loving relationship, and that plaintiff indeed suffered a tragic loss from Fran's untimely death. However, defendants contend that the award of $145,000.00 for plaintiff's loss of love and affection is an abuse of discretion and should be reduced to $50,000.00. In support, defendants cite the following cases: Williams v. State Farm Mut. Auto Ins. Co., 349 So.2d 1275 (La.App. 1st Cir.), writ denied 351 So.2d 175 (La.1977), $50,000.00 awarded to each parent for death of 21 year old son; Knotts v. State, Dept. of Highways, 395 So.2d 419 (La.App. 3rd Cir.), writ denied 400 So.2d 669, 670 (La.1981), *1139 $75,000.00 awarded to each parent for death of 11 year old daughter; Lapoint v. Breaux, 395 So.2d 1377 (La.App. 1st Cir.), writ denied, 399 So.2d 611 (La.1981), $50,000.00 awarded to each parent for death of 18 year old son; Bullard v. State, Dept. of Transp., etc., 413 So.2d 606 (La.App. 1st Cir.1982), trial court award of $150,000 to each parent for death of 27 year old son reduced to $100,000.00 per parent.
These cases, however, are of little aid in determining under Reck v. Stevens, supra, whether the jury abused its discretion in making its award. Although all the cases involve the death of a child, they contain significantly dissimilar facts and circumstances relating to the particular effects of the deaths on the particular plaintiff, e.g., the loss of love and affection was assessed as to two parents, not a widow like plaintiff, who would be more vulnerable to the trauma of losing a child.
A closer factual situation is presented by Williams v. City of New Orleans, 433 So.2d 1129 (La.App. 4th Cir.1983), where a mother was awarded $150,000.00 for the loss of love and affection from her deceased son, who was in his early twenties. As in our case, there existed a very close relationship between mother and child.
After reviewing these cases concerning amounts of prior awards, and examining the particular facts and circumstances of this case, we feel that the award of $145,000.00 for plaintiff's loss of love and affection is warranted.

DECREE
For the above expressed reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.