459 So.2d 21 (1984)
Carolyn MOORE and Ella Moore
v.
Lucius BRUMFIELD.
No. 83 CA 1041.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Rehearing Denied November 21, 1984.
*22 Michael I. Rodriguez, New Orleans, for Carolyn Moore.
Marvin C. Grodsky, New Orleans, for Ella Moore.
Delos Johnson, Franklinton, for Lucius Brumfield.
J. David Malone, New Orleans, for Coronet Ins. Co.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This is a suit for damages arising out of a rearend collision.
On July 25, 1980, Ella Moore (passenger) and her daughter, Carolyn Moore (host-driver), were following a pick-up truck owned and operated by defendant, Lucius Brumfield. Both vehicles were traveling north on Louisiana Highway 25 in Washington Parish when defendant, in attempting *23 a left turn, veered into the southbound lane of travel. Defendant was either in the process of turning or had completed his movement when his vehicle was struck in the rear by the vehicle driven by Carolyn Moore. As a result of this accident, Ella Moore sustained certain injuries to her neck.
The host-driver and passenger of the following vehicle filed suit against the driver of the preceding vehicle. Coronet Insurance Company (hereinafter referred to as Coronet), the liability and UM carrier of the host-driver, was subsequently made a party defendant. The district court determined that the accident was caused by the negligence of the host-driver who rear-ended the defendant driver's vehicle. Accordingly, the trial court dismissed the claims against the preceding driver and rendered judgment in favor of the passenger against the liability insurer of the host-driver, for $6,100.00 ($4,000.00 for personal injury and $2,100.00 for loss of wages)[1] with legal interest from date of judicial demand and all cost. From this judgment, the passenger devolutively appeals. The insurer and host-driver did not appeal or answer the appeal.
Appellant contends that the trial court erred in: (1) refusing to award statutory penalties for Coronet's failure to tender payment timely under its policy without probable cause; (2) finding defendant, Lucius Brumfield, free from negligence; (3) awarding appellant only $4,000.00 for the injuries she sustained; (4) rendering a decision from the bench without reading the depositions of the treating physicians; and, (5) denying plaintiff's discovery of certain Coronet file documents relevant to the issue of cause for failing to pay appellant's claim within sixty days.
Appellant's assignments of error will be hereinafter treated, but not in the order assigned.

ASSIGNMENT OF ERROR NO. 2
In this assignment of error, appellant contends that the trial court erred in finding defendant, Lucius Brumfield, free from negligence. It is well settled that negligence must be determined in each case according to the particular facts and circumstances therein. Dupree v. Louisiana Transit Management, 441 So.2d 436 (La. App. 2nd Cir.1983), writ denied, 445 So.2d 1233 (La.1984). Once the applicable standards of care are established, negligence and contributory negligence are questions of fact to be determined by the judge or jury. Prestridge v. Commercial Union Assur., 413 So.2d 959 (La.App. 3rd Cir. 1982); Steele v. St. Paul Fire & Marine Ins. Co., 371 So.2d 843 (La.App. 3rd Cir. 1979), writ denied, 374 So.2d 658 (La.1979); Cooksey v. Central Louisiana Electric Co., Inc., 279 So.2d 242 (La.App. 3rd Cir. 1973). In the absence of manifest error, a reviewing court should not disturb these factual determinations. In order to find manifest error, the record must support the conclusion that the factual determinations were clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the case sub judice, we cannot say that the trial court was manifestly erroneous in finding that defendant Lucius Brumfield was free from negligence. Carolyn Moore testified that she followed defendant's vehicle for approximately 300 yards prior to his turning or veering left into the southbound lane of traffic. Further, she stated that defendant had his left turn signal in operation during this entire period. Based on this and other evidence, we cannot say that the trial court's determination that Lucius Brumfield was free from negligence is manifestly erroneous. Accordingly, appellant's second assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
In these assignments of error, appellant contends that the award of *24 $4,000.00 as general damages for the injuries sustained is grossly inadequate and that the trial court erred in rendering judgment from the bench immediately upon the conclusion of trial without reading the depositions of the medical experts. Before an award for damages may be questioned as inadequate or excessive, the appellate court must look to the individual circumstances of the particular case to determine whether the award for the injuries sustained and their effects upon the injured person were a clear abuse of the trier of fact's great discretion. LSA-C.C. art. 1934(3); Reck v. Stevens, 373 So.2d 498 (La.1979); Johnson v. Folse, 438 So.2d 1137 (La.App. 1st Cir. 1983).
In this initial determination of excessiveness or insufficiency, an examination of prior awards has a limited function and may serve as an aid in this determination only when the present award is greatly disproportionate to the mass of awards in prior cases involving closely similar injuries, facts, and circumstances. Reck v. Stevens, supra; Johnson v. Folse, supra.
An examination of the record reveals that the depositions of Dr. Kroll and Dr. Jarrott were introduced. Dr. Kroll, appellant's treating physician, stated that appellant had a cervical strain which was superimposed upon a degenerative disease of the cervical spine, namely, cervical spondylosis. He also stated that there were objective findings of involuntary spasticity which required appellant to be in a cervical collar for an extended period of time. Due to this strain, there was considerable pain and soreness in her neck. Moreover, appellant was required to place herself in home traction for an extended period of time which required that she cease work for approximately three months.
Dr. Jarrot, a neurosurgeon, stated that appellant exhibited limited cervical motion, tenderness of the brachial plexus, spinous processes of the vertebrae and the interior scalene muscles, a positive Adson's test, and irritation of the brachial nerve to her arm. Further, he stated that these symptoms would continue for an extended period, perhaps indefinitely.
After reviewing the entirety of the record, we conclude that the $4,000.00 award for personal injury is inadequate and an abuse of discretion. When a damage award is found to be inadequate, we are required to increase it to the lowest point which would reasonably be within the discretion of the fact finder. Cheatham v. City of New Orleans, 378 So.2d 369 (La. 1979); Prevost v. Cowan, 431 So.2d 1063 (La.App. 1st Cir.1983).
Based upon the uncontested testimony of Dr. Kroll and Dr. Jarrot, we find that the trial court erred in its personal injury award and that a personal injury award of $15,000.00 is appropriate under the facts and circumstances of this case. See Landry v. Aetna Ins. Co., 422 So.2d 1287 (La. App. 4th Cir.1982), writ denied 429 So.2d 150 (La.1983); Cornish v. Ford, Bacon & Davis Construction Corp., 304 So.2d 361 (La.App. 1st Cir.1974), writ refused 305 So.2d 123 (La.1974).
Although an award of $15,000.00 for personal injury is appropriate, we are unable to increase the award more than $3,900.00 for reasons which will hereafter be apparent. In seeking recovery for her damages, Ella Moore asserted claims against Coronet, the liability and UM insurer of Carolyn Moore,[2] and Lucius Brumfield. However, upon finding that Brumfield was not negligent, he is absolved of any liability to Ella Moore. Therefore, Ella Moore must look solely to Coronet for recovery.
Both the liability and UM portions of the Coronet policy have limits of $10,000/$20,000. However, there is no UM coverage affordable to Ella Moore under the policy provisions for the negligence of *25 the host-driver[3] because the Coronet policy expressly excludes "an insured automobile" from the definition of "uninsured automobile" for the purposes of uninsured motorist coverage. The vehicle which Carolyn Moore was driving when the accident occurred was described in her policy as an insured automobile; therefore, it is excluded as an uninsured automobile under the policy definition.[4] This exclusion has been upheld in many cases. See Nall v. State Farm Mut. Auto. Ins. Co., 406 So.2d 216 (La.1981); Breaux v. Government Emp. Ins. Co., 369 So.2d 1335 (La.1979); Shipp v. State Farm Mut. Auto. Ins. Co., 415 So.2d 582 (La.App. 3rd Cir.1982). The rationale of these cases is dispositive of the issue involved herein. A guest passenger is not entitled to recover under both the liability and UM coverages in a situation such as the one at bar. In all three of the above mentioned cases, the guest passenger was allegedly injured or killed due to the negligence of the host driver. In all three cases, it was held that recovery could not be had under both liability and UM coverages of the policy insuring the automobile involved in the accident, when the accident is solely the result of the host-driver's negligence. This case presents an identical situation in theory. Thus, under the liability portion of the policy, our award must be limited to $10,000.00. Since the trial court awarded $2,100.00 for lost wages, the maximum award we can render for personal injury is $7,900.00, an increase of $3,900.00.

ASSIGNMENTS OF ERROR NOS. 1 AND 5
Appellant contends she is entitled to an award of statutory penalties for Coronet's failure to pay her claim within the statutory period. Appellant reasons that LSA-R.S. 22:658 required Coronet to pay appellant's claims within 60 days of demand whether recovery was sought under the liability portion or under the UM portion.
LSA-R.S. 22:658 provides that all insurers issuing any type of contract, other than specifically provided for, shall pay the amount of any claim due any insured within sixty (60) days after receipt of satisfactory proof of the insured's loss. Although Ella Moore is an "insured" under the terms of the UM coverage of the Coronet Insurance policy,[5] recovery herein is under the liability portion of Carolyn Moore's policy and not the UM portion. Under the liability portion, Ella Moore is not an insured and is not entitled to an award of penalties and attorney's fees under LSA-R.S. 22:658. Therefore, LSA-R.S. 22:658 is not applicable as a matter of law, and the trial court was correct in denying an award for statutory penalties. Appellant's first assignment of error is without merit, and her fifth assignment of error is, therefore, moot.

*26 CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is hereby amended to reflect an increase of the award to Coronet's policy limits of $10,000.00, and in all other respects the judgment is affirmed. Defendant Coronet Insurance Company is to pay all costs of this appeal.
AMENDED AND AFFIRMED.
NOTES
[1] In oral reasons for judgment, the district court set forth that an award of $2,140.00 was made for loss of wages. The judgment only awards $2,100.00. However, this issue is not raised on appeal.
[2] Carolyn Moore, the party determined to have caused the accident, was not made a defendant in the proceeding. The guest passenger instead elected to sue Carolyn Moore's liability and UM insurer directly.
[3] The Coronet policy, under Part IV, Family Protection, provides that the company agrees:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury ... sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile ...". (emphasis added)
[4] In such situations, recovery may be had under the liability portion of the policy; however, recovery is unavailable under both the liability and UM portions of the policy when the only negligence involved is the negligence of the host-driver.
[5] The liability portion of the Coronet policy defines persons insured as:

"(1) the named insured and any resident of the same household;
(2) any other person using such automobile with the direct permission of the named insured, provided his actual operation of [sic] (if he is not operating) the other actual use thereof is within the scope of such direct permission...."
In contrast, however, the family protection portion of the Coronet policy adopts most of the definitions under the liability portion, but expressly excepts the term "insured." Under this portion of the policy, "insured" means:
"(a) the named insured and any relative of the named insured; (b) any other person while occupying an insured automobile; and (c) any person, with respect to damages he is entitled to recover because of bodily injury to which this Part applies sustained by an insured under (a) or (b) above...."