DUFRESNE, Judge.
This is a suit for property damages arising out of an automobile accident.
On October 6, 1982, Paul Royal (plaintiff) was driving his vehicle northbound on First Street in St. Rose, Louisiana. Alfred Smith (defendant) was also driving in the same direction when this collision occurred. The plaintiff’s vehicle was hit as he attempted to pass the defendant’s vehicle.
Defendant was either in the process of turning or had completed his movement when he collided with the plaintiff’s automobile who, at this time had moved up along side of the defendant’s automobile in the right lane of travel. As a result of this accident, plaintiff sued for property damages and defendant reconvened for his property damages. The trial court determined that the accident was caused by the negligence of the defendant. Accordingly, the trial court dismissed defendant’s property claim against the plaintiff and rendered judgment in favor of the plaintiff. From this judgment, the defendant suspen-sively appeals and assigns the following specification of errors:
(1) There was a lack of sufficient evidence for the trial court to render a judgment against the defendant, Alfred Smith and his insurer, Lloyd’s of Louisiana.
(2) The trial court erred in not finding contributory negligence with regard to the plaintiff.
Defendant contends that the trial court erred in finding plaintiff, Paul Royal, free from negligence. It is well settled that negligence must be determined in each case according to the particular facts and circumstances therein. Dupree v. Louisiana Transit Management, 441 So.2d 436 (La.App. 2nd Cir.1983). Once the applicable standard of care is established, negligence and contributory negligence are questions of fact to be determined by the judge or jury. Prestridge v. Commercial Union Assurance, 413 So.2d 959 (La.App. 3rd Cir.1982). In the absence of manifest error, a reviewing court should not disturb these factual determinations. In order to find manifest error, the record must support the conclusion that the factual determinations were clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the present case, we cannot say the trial court was manifestly erroneous in finding the defendant, Alfred Smith was the sole cause of this collision. Plaintiff’s testimony adequately supports the trial court’s judgment. Accordingly, we affirm for the above reasons.
AFFIRMED.