469 So.2d 1117 (1985)
Peggy BLUM
v.
NEW ORLEANS PUBLIC SERVICE INC. and A.J. Davis.
Raymond MAILLE
v.
NEW ORLEANS PUBLIC SERVICE INC. and A.J. Davis.
Nos. CA-2927, CA-2928.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
Writ Denied June 28, 1985.
*1118 Merlin F. Lombard, Wayne H. Carlton, Jr., Orlando G. Bendana, New Orleans, for appellees.
James Maher, III, New Orleans Public Service, Inc., New Orleans, for appellants.
Before GULOTTA, KLEES and CIACCIO, JJ.
GULOTTA, Judge.
In these consolidated suits resulting from an intersectional collision of two vehicles and a streetcar, defendantsNew Orleans Public Service, Inc. (NOPSI) and its streetcar operatorappeal from a judgment notwithstanding the verdict (N.O.V.) in favor of plaintiffs. We affirm.
The accident occurred at approximately 3:45 a.m. on a drizzly January 9, 1981, at the intersection of St. Charles Avenue and Marengo Street in New Orleans. At the scene, St. Charles is a multi-lane thorough fare with a wide median dividing its opposing streams of traffic. Streetcars run in either direction along the length of the median on two sets of tracks parallel to the vehicular traffic lanes. Marengo is a two-way street crossing all lanes and the median of St. Charles.
Plaintiff Raymond Maille, heading northbound on Marengo, stopped his pickup truck on the eastbound streetcar tracks in the St. Charles median in order to yield to plaintiff Peggy Blum, who was approaching in her car eastbound on St. Charles and preparing to make a left turn into the Marengo intersection around Maille's truck. As Blum executed her turn into the median area, the eastbound NOPSI streetcar approaching from Maille's right broadsided Maille's truck, knocking it into Blum's car and pushing both vehicles across the intersection and into a utility pole. Both Maille and Blum suffered injuries.
Blum and Maille's separate actions against NOPSI and its street car operator were consolidated and tried before a jury. After a two-day trial on the merits, the jury exonerated the streetcar operator from fault. On plaintiffs' alternative motions for judgment N.O.V. or new trial, however, the trial judge set aside the jury's verdict and awarded damages to each plaintiff. In written "Reasons for Judgment", he stated, in pertinent part:
"At approximately 3:50 A.M., the New Orleans Public Service, Inc. street car, being driven by A. J. Davis, struck the Maille vehicle pushed it into the Blum vehicle and then proceeded to push both vehicles another 20 feet.
"The Court finds that the evidence clearly showed that the street car was traveling at too fast a rate of speed for the weather and track conditions prevailing. As such, the jury verdict was not appropriate."
Appealing solely on the issue of liability, defendants contend the trial judge abused his discretion in granting a judgment notwithstanding the verdict where the testimony of all three drivers was that the truck *1119 and car had encroached on the tracks only seconds before impact, when the streetcar was "within a quarter to a half a block from the intersection". Defendants further argue that the trial judge's conclusion that the streetcar pushed the vehicles twenty feet is unsupported by any testimony about the width of Marengo Street or the distance from the point of impact to the utility pole where the vehicles came to rest.
In a pre-trial deposition read to the jury in lieu of his testimony, Raymond Maille[1] stated that he had stopped at Marengo and St. Charles, and had seen the approaching streetcar one block away. Maille then proceeded across the westbound lanes of St. Charles, entered the median area, and slowed on the tracks when he saw a red car approaching eastbound on St. Charles three quarters of a block away. Maille stopped his truck across the eastbound streetcar tracks when the red car, with its blinker lights on, was about five or six car lengths away. Maille testified that the car nearly stopped in front of him and proceeded to make a left turn, thereby preventing him from leaving the median area. Two or three seconds later, as the automobile was in the process of making its turn, the approaching eastbound street car, "coming at a good speed", broadsided Maille's truck.
Peggy Blum, the driver of the car involved, testified that she had seen the stopped truck at least one-half block away after she had passed the eastbound streetcar, which was going "a little slower" than her speed of about 30 mph. According to Blum, she put her turn signal on and prepared to make her turn but stopped "on somewhat of an angle in the intersection" before crossing the tracks on the median, although she did not believe part of her car was in front of Maille's truck. She estimated that approximately 20 or 30 seconds elapsed between the time she passed the street car until the accident occurred.
A.J. Davis, the streetcar operator, testified that he was traveling on the eastbound tracks toward downtown New Orleans at a speed of 10-12 mph, or "extremely slow", such that a person walking could have kept pace with him. According to Davis, Maille was traveling westbound on St. Charles and made a left turn into the median area at Marengo. Davis stated that he applied his air brakes, dropped sand to create friction on the tracks and did everything physically and mechanically possible to stop his streetcar when he first saw Maille's truck stopped on the tracks at a distance of one-half block. He further stated that Blum's Volkswagen, which had also been traveling downtown on St. Charles, had passed him about 25 or 30 feet from the intersection, and had stopped at Marengo, blocking the path of Maille's truck across the tracks "a couple of seconds" before the streetcar reached the intersection. Davis denied telling an investigating police officer that he had locked the wheels of his streetcar more than a block away from the Marengo intersection and had "just slid the entire block" as indicated in the officer's testimony and police report in evidence.
In ruling on a motion for a judgment notwithstanding the verdict, pursuant to LSA-C.C.P. Art. 1810.1 (now substantially reenacted in LSA-C.C.P. Art. 1811), the trial judge considers all of the evidence and reasonable inferences in a light most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary verdict, the motion should be granted and the trial judge should render a judgment notwithstanding the jury's findings. On the other hand, if there is substantial evidence of such quality and weight that reasonable and fair minded persons in the exercise of impartial judgment might reach different conclusions, the motion for judgment N.O.V. should be denied. In applying this standard, the court does not weigh the evidence, pass on the credibility of the witnesses, or substitute its factual judgment for the jury's. Rougeau v. Commercial Union Ins. Co., 432 So.2d 1162 (La.App. *1120 3rd Cir.1983), writ denied 437 So.2d 1149 (La.1983); Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir.1979), appeal after remand, 412 So.2d 191 (La.App. 3rd Cir. 1982), writ denied 415 So.2d 954 (La.1982).
Applying the law to the facts of the instant case, we find no error in the trial judge's entry of the judgment N.O.V. in favor of plaintiffs. The evidence establishes that Maille reasonably crossed the median area when the streetcar was a safe distance away. Although Blum's equally reasonable left turn around Maille's truck caused both vehicles to remain in the median area somewhat longer than otherwise, the approaching streetcar operator should have stopped short of the intersection. Accepting as true the streetcar operator's testimony that he had been traveling at "walking speed" and that he had seen Maille's truck across the tracks at a distance of one-half block, we hold that reasonable persons could conclude only that there was sufficient time and distance for the defendant operator to have stopped the streetcar short of a collision of such great impact as in the instant case. The facts and inferences from the evidence strongly and overwhelmingly point to a conclusion that the streetcar operator was at fault by failing to see that Maille and Blum's vehicles had preempted the intersection or by operating his street car at an excessive speed. Despite the misty weather, we cannot conclude that a jury could have reasonably reached a contrary result.
In so holding, we are not persuaded by defendant's argument concerning the absence of evidence that the street car pushed the Maille and Blum vehicles "20 feet". Although it is true that there was no testimony about the exact distance the vehicles moved from the point of impact, it is undisputed the streetcar knocked Maille's truck across the Marengo intersection and into Blum's car and a utility pole, resulting in serious injuries to plaintiff Maille and damage to both the car and truck. Under the circumstances, it is the force of the impact, not the exact distance of movement, that supports the trial judge's conclusions based on the evidence.
Although the January 9, 1981 accident occurred subsequent to Louisiana's adoption of comparative negligence, we find no error in the trial judge's failure to assess degrees of fault to either plaintiff. The record supports a conclusion that Maille preempted the intersection when the street car was a safe distance away and yielded to Blum's left turn around him. The only reasonable conclusion available to the jury was that the sole cause of the accident was the NOPSI streetcar operator's fault in failing to stop the streetcar short of collision.
Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[1] Before trial, Maille died in a drowning accident from causes unrelated to this litigation.