481 So.2d 1047 (1985)
Ronnie P. ARNONE
v.
Charles ANZALONE, Jr., et al.
No. CA 84 1061.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
*1048 Leonard E. Yokum, Jr., Hammond, for plaintiff-appellee.
William E. Scott, Baton Rouge, for defendants-appellees.
Lewis Doherty, III, Richard B. Nevils, Baton Rouge, for American Deposit Ins. Co., defendant-appellant.
Raymond Childress, Covington, for Patterson Ins. Co.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment relieving defendant, Charles Anzalone d/b/a First State Agency, from liability and holding defendant and third party plaintiff, Patterson Insurance Limited (Patterson), liable to plaintiff, Ronnie Arnone. The trial court further held that third party defendant, American Deposit Insurance Company (American), was liable to Patterson for the amount in which Patterson was cast. From the judgment, American appeals.

FACTS
In May of 1982, Arnone contacted his regular insurance agent, Charles Anzalone, Jr., in Independence, Louisiana, for the purpose of securing insurance coverage for his 1972 Trans Star tractor truck. The truck had a value of at least $10,000. Arnone planned to lease the truck to D.D. & D. Sod Company (D.D. & D.) and advised Anzalone of a lease agreement between himself and D.D. & D.
Anzalone contacted Linda Shirey, a commercial underwriter for Patterson to confirm that coverage could be written on the leased vehicle. Shirey assured Anzalone that coverage could be written on the leased vehicle. Anzalone confirmed this coverage by a memorandum to Shirey on June 8, 1982. However, Shirey testified, by way of deposition entered into evidence, that she never saw the memorandum.
On May 25, 1982, Shirey quoted rates to Anzalone for this coverage. The rate quotation sheet was introduced into evidence and bears the notation "D.D. & D. Sod Co.". On June 7, 1982, Arnone went to First State Agency and signed an insurance application for the requested insurance coverage. The application listed Arnone and Don Cole, the owner of D.D. & D., as operators of the vehicle. Arnone and Anzalone testified that they spoke with a representative of Patterson and were informed that the vehicle would be covered.
The insurance policy was issued by American on June 9, 1982, and contained the following exclusion:
This insurance does not apply to:
10. Any loss to a covered auto:
a. While rented or leased to others.
On July 21, 1982, Stan Miller, an employee of American, wrote Shirey after receiving an inspection report on the vehicle which indicated that it was leased to Cole. Miller's memorandum requested Shirey to determine whether the vehicle was leased so that Miller could take corrective action on the policy if necessary. Shirey wrote Anzalone on July 23, 1982, asking for confirmation as to whether the vehicle was leased. Anzalone immediately responded to Shirey's letter on July 24, 1982, with the following notation on the bottom of Shirey's letter:
Att'n Linda: Insured's vehicle is leased to Don Cole. Please take corrective action. (Emphasis Anzalone's)
On July 27, 1982, Shirey sent Miller a notation on the bottom of his July 21 memorandum *1049 which stated that the vehicle was leased to Cole. Despite Anzalone's request for corrective action, no correction was made on the policy by Patterson or American.
Arnone's vehicle was stolen on August 28, 1982, while leased to D.D. & D. and never recovered. Arnone reported the loss to Anzalone, who in turn reported the claim to Patterson. American denied coverage for the loss under the lease exclusion in the policy.
Arnone filed suit against Anzalone and Patterson, alleging that each was negligent in not securing a policy that included theft coverage for a leased vehicle. Patterson filed a third party demand against American seeking indemnity if it was held liable to Arnone. Anzalone also filed a third party demand against Patterson and American seeking indemnity if he were cast in judgment.
The trial court held that Anzalone was not liable. In his reasons for judgment, the trial judge stated that Anzalone acted prudently and in good faith. The trial court found Patterson to be at fault in not obtaining the proper coverage and awarded the $10,000 policy limits to Arnone. Judgment was rendered in favor of Patterson on its third party demand against American for the full sum for which Patterson was cast. Further, the trial court held that Patterson and American acted arbitrarily, capriciously and without probable cause in not paying the claim; therefore, Arnone was entitled to 25% penalties and $2,500 in attorney's fees under LSA R.S. 22:658.
On appeal, American assigns the following specifications of error.
1. The trial court erred in finding no fault on the part of Anzalone.
2. The trial court erred in finding American liable to Patterson.
3. The trial court erred in awarding penalties and attorney's fees.

LIABILITY OF ANZALONE
An insurance agent or broker who undertakes to procure insurance for a client owes an obligation to his client to use reasonable diligence in attempting to place or obtain the requested insurance and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent or broker the loss he sustains as a result of the failure to procure the desired coverage if the actions of the agent or broker warranted an assumption by the client that he was properly insured in the amount of desired coverage. Cusimano v. St. Paul Fire and Marine Insurance Company, 405 So.2d 1382 (La. App. 1st Cir.1981), writ denied, 410 So.2d 762 (La.1982).
Upon receiving Shirey's letter inquiring as to whether the vehicle was leased, Anzalone immediately responded by answering in the affirmative and requesting that someone please take corrective action. (Emphasis Anzalone's). At trial Anzalone testified that he did not contact Arnone because he was waiting for a reply from Patterson or American. He further testified that he was diligent in his dealings with Arnone and that he had been reassured on numerous occasions that there was not any question about the coverage of the leased vehicle. Likewise, Debbie Reid, Anzalone's secretary, testified that Shirey assured her over the phone that the leased vehicle would be covered. The trial court held that Anzalone acted prudently and in good faith.
It is well settled that the trier of fact actually hearing and observing the witnesses give live testimony is in a better position to evaluate the credibility of the witnesses than a reviewing court on the intermediate level, which at best can only study the written words on a cold record. Kikendall v. American Progressive Ins. Co., 457 So.2d 53 (La.App. 1st Cir.1984). After a careful review and evaluation of the record, we are convinced that the trial court was not clearly wrong in finding for Anzalone. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978).

LIABILITY OF AMERICAN DEPOSIT
American contends that the trial court erred in holding that it was liable to Patterson *1050 on Patterson's third party demand. Anzalone informed Shirey that the vehicle was being leased and requested that some corrective action be taken. Despite this request, no correction was made on the policy. Once Miller, American's employee, received Shirey's return memorandum, American was placed on notice that the vehicle was leased. Corrective action should have been taken at that time as requested, but no such action was taken. As a result, American denied coverage on Arnone's claim and Patterson was held liable to Arnone for the amount of the claim.
In addition, Stan Miller, who possessed peculiar knowledge of the facts at hand, did not testify at trial or in a deposition. The unexplained failure of a party to call a witness who possesses peculiar knowledge of material facts pertinent to the resolution of the case entitles the opposing party to a presumption that the witness's testimony would be unfavorable. Morgan v. Matlack, 366 So.2d 1071 (La. App. 1st Cir.1979), writ denied, 369 So.2d 1352 (La.1979). After a careful review of the record, we find that the trial court was not clearly wrong in holding American liable to Patterson on his third party demand.

PENALTIES AND ATTORNEY'S FEES
Finally, American contends that the trial court erred in holding Patterson liable for penalties and attorney's fees under LSA-R.S. 22:658. The penalties and attorney's fees were ultimately borne by American because it was held liable to Patterson for the full sum for which Patterson was cast in judgment.
An insurer may be held liable for statutory penalties and reasonable attorney's fees if it acts arbitrarily, capriciously and without probable cause in not paying a claim. LSA-R.S. 22:658. When items of special damage are claimed, a litigant must specifically allege the claim in his petition. La.Code Civ.P. art. 861. Statutory penalties and attorney's fees are items of special damage which must be specifically alleged. Mix v. Mougeot, 446 So.2d 1352 (La.App. 1st Cir.1984).
In the present case, Arnone did not specifically allege that Patterson's action was arbitrary, capricious or without probable cause, nor did he pray for statutory penalties under R.S. 22:658. We therefore find that Arnone should not have been granted penalties and attorney's fees, and that portion of the judgment is reversed.
Therefore, for the above and foregoing reasons, the judgment of the trial court awarding Arnone 25% penalties and $2,500 in attorney's fees is reversed. The judgment in all other respects is affirmed. Costs of this appeal are to be paid by American Deposit Insurance Company.
AFFIRMED IN PART; REVERSED IN PART; RENDERED.
SAVOIE, J., concurs in the result.