489 So.2d 392 (1986)
Billie J. Argus, wife of/& Herbert ARGUS
v.
William C. SCHEPPEGRELL, Jr., M.D.
No. 83-CA-496.
Court of Appeal of Louisiana, Fifth Circuit.
May 12, 1986.
Rehearing Denied June 17, 1986.
*393 Douglas A. Kewley, Bruce A. North, Molony, Nolan, North & Riess, Metairie, William J. Scheffler, III, Gretna, for Billie J. Argus, wife of/& Herbert Argus, plaintiffs/appellants.
Dominic J. Gianna, John C. Person, Hammett, Leake & Hammett, New Orleans, for William C. Scheppegrell, Jr., M.D., defendant-appellee.
Before BOUTALL, CURRAULT and DUFRESNE, JJ.
BOUTALL, Judge.
This appeal is before us on remand from the Supreme Court of Louisiana to fix the damages for which the defendant may be liable. The defendant is a physician who wrongfully supplied prescriptions for controlled dangerous substances in excessive amounts to a teenaged patient fostering her drug addiction and causing her death by an overdose of the drugs. It is brought not only under the general tort provisions of Louisiana Civil Code Article 2315 but further is brought both under the survival of action provisions by the parents as well as for the damages which they sustained through the wrongful death of the deceased.
This matter was originally tried before a jury who rendered a verdict contrary to plaintiffs, resulting in judgment dismissing their suit. We affirmed, Argus v. Scheppegrell, 459 So.2d 238 (La.App. 5th Cir. 1984), but were reversed, Argus v. Scheppegrell, 472 So.2d 573 (La.1985), the Supreme Court of Louisiana holding, at p. 574: "We hold that because of the disparity of positions in the relationship between a trained and licensed physician and a nineteen-year old uneducated patient whose drug addiction was known to the physician, and because of the vastly different duty required of each party under the circumstances, the patients reasonably expected conduct did not constitute an absolute bar to her parents' recovery for her wrongful death."
Additionally, the court found that the parents were not barred from recovery because they could not say that Mrs. Argus breached her duty to her child by failing to *394 take further precautions or that her conduct was a legal cause of her child's death.
We are, of course, governed by the facts found by the Supreme Court and no purpose would be served in reiterating the facts connected with the liability of the defendant which are fully set out in the above-cited opinion. In brief, plaintiffs' daughter, Cindy Argus, consulted Dr. William Scheppegrell in December, 1975 when she was 18 years old. The doctor began to furnish her with certain drugs and continued to supply her with prescriptions for these drugs over a period of 19 months. On August 17, 1977, Cindy took an overdose of the drugs, became unconscious and was rushed to Charity Hospital in New Orleans, remaining comatose for a month and dying on September 19, 1977.
In fixing the damages in this case on the basis of the record, we first note the finding that "... the record plainly established that the amount and combination of drugs prescribed by Dr. Scheppegrell alone could have caused addiction." (472 So.2d 575).
We consider that this addiction, and certainly the exacerbation of her addiction, is a proper subject of damages. It is apparent that Cindy Argus had drug related problems for several years before she consulted Dr. Scheppegrell. Nevertheless, the evidence paints the picture of a condition which grew progressively worse, of a young girl changing simply from a school truant to a person who began leaving home for periods of time, of a person whose dependency on drugs became greater and greater so that the commission of crime to sustain the habit became necessary, of a person whose physical health and mental condition became progressively worse to the point where violent attacks and seizures in the nature of epileptic fits occurred, of a person who became more and more irrational in behavior, and of a person who would get "high" for periods of several days after she received new prescriptions from the doctor, and on one occasion was found by the police standing on the street corner talking incoherently causing her to be taken to the emergency room of the hospital. As noted, the combination of drugs in the present case created a cycle which ultimately resulted in Cindy's death. There was a complete disruption of a normal lifestyle with a history of conflicts with family and friends as well as illegal behavior. For this addiction and the deterioration of the mental and physical condition of Cindy Argus, we award the sum of $100,000.00.
As another item of damages, we are referred to the overdose of drugs on August 17, 1977 and the period of hospitalization terminating with Cindy's death. When Cindy took the overdose, the impact was immediate and disastrous. She suffered respiratory arrest, was unconscious, cyanotic and without pulse or respiration for some time. She never did recover completely from the comatose state in which she entered the hospital, although it is apparent that the deepness of the coma lessened from time to time apparently after the first week or so. Serious debate has raged about the question of whether or not Cindy suffered pain while in the hospital. We are of the opinion that the evidence preponderates that she did, but that this condition differed as the deepness of the coma differed. We note for example that she was in most periods lying in bed in a decerebrate position, and that she was kept alive by numerous medical devices attached to her body and inserted into various body orifices. Generally she was quiet but upon numerous occasions, she would thrash about wildly and even attempt to detach some of the tubes and other instruments, necessitating her being restrained physically by means of straps preventing her movement. Although she could not communicate, she made a number of noises which to her mother sounded like moans and groans and on one occasion perhaps the word "mama."
The defendant argues to us that we should award either no damages or a minimum amount of damages on behalf of this young lady because she was taken to the hospital in a coma, and having never recovered, suffered no pain. We hold that she did suffer pain, however, we point out that *395 pain is only one of the elements of damage, and we consider the rendering of this young lady unconscious, causing her stay in the hospital for a month under these extremely arduous conditions, and being deprived of her liberty and freedom for this period, resulting in her death, to be the major element of damages above whatever pain she may have suffered. Article 2315 of our Civil Code does not limit recovery only to pain but instead applies the obligation of repair to whatever damages may be caused by the tortious act. We consider that the sum of $75,000.00 is a reasonable award for these damages.
We now turn to a consideration of the damages for the wrongful death action brought by the parents. Herbert and Billie Argus were married and had seven children including Cindy. Cindy was far from a model child. Her mother caught her smoking marijuana when she was fourteen years old. Her mother used to bring her personally to school to make sure she attended, but finally recognized the futility of it and Cindy dropped out of school in the ninth grade at age sixteen. Cindy began to stay away from home for periods of time, living with girl friends and boy friends as her lifestyle deteriorated due to the drug addiction. Nevertheless she returned home from time to time to live with her parents whenever her problems became too great, and her parents always afforded her help. She was living with her parents at the time of the overdose.
The record presents a picture of a young girl getting into difficulties of more and more serious nature, yet demonstrates the willingness of the parents to continue to help their child regain a normal lifestyle. When Cindy felt she could perhaps support herself by modeling, it was her mother who paid the tuition to modeling school. Additionally, the parents kept their home open to her whenever she needed help and they made several attempts to induce her to seek treatment for drug addiction but without success. It is noteworthy that just a month before the overdose, Mrs. Argus called Dr. Scheppegrell and pleaded with him not to furnish her daughter with any more drugs. The record amply demonstrated the love and affection that these parents bore for their child and it is reflected in their numerous attempts to aid the child.
Unfortunately, the response of Cindy to her parents' attempts to aid her were generally disappointing. She seemed to rebel and to be embarked upon a course of choosing her own lifestyle contrary to her parents' wishes and hopes. We are unable to draw any conclusion from the record that Cindy would reform and that she would be able in the future to assist her parents financially or physically. The record indicates that Cindy was deep in the clutches of drug addiction, but it must be remembered that the actions of the defendant herein contributed in large part to her situation. These parents not only suffered during their daughter's drug addiction, but were forced to endure the torment of her slow death in the hospital.
Considering the circumstances, we conclude that the sum of $60,000.00 for each parent is a reasonable reward for their daughter's death.
There remain several items of special damages. The medical expenses of Cindy Argus for her hospitalization was stipulated to be $9,105.60. The funeral expenses incurred by the plaintiffs for Cindy's death were $1,871.75. We also award the sum of $147.30 for the admission of Cindy to East Jefferson Hospital for drug ingestion.
For the reasons above stated, it is ordered, adjudged and decreed that there be judgment herein in favor of Billie J. Argus, wife of/and Herbert J. Argus and against the defendant, William C. Scheppegrell, Jr., M.D., in the following amounts:

1. For damages caused to Cindy
 Argus $175,000.00
2. For the damage sustained by
 the parents for wrongful
 death, the sum of $60,000
 each or a total of 120,000.00
3. For special damages to the
 parents in the amount of 11,124.65

*396 All sums shall bear legal interest from date of judicial demand until paid. All costs of these proceedings are cast against the defendant.
JUDGMENT RENDERED.