SCHOTT, Judge.
These consolidated cases arose out of an accident between an automobile operated by Sandra Grade and a bus owned by New Orleans Public Service, Inc. (NOPSI) and operated by Henry Johnson. Separate suits were filed by Grade and two bus passengers, Earl Boydell and Lydia Bates against NOPSI. The case was tried to a jury who returned special findings of one hundred percent fault on the part of NOPSI and corresponding verdicts in favor of all three plaintiffs. NOPSI moved for judgment notwithstanding the verdict which the trial judge granted. He found that the jury erred in finding NOPSI solely at fault, and, therefore, he made an independent finding that Grade was twenty percent at fault and NOPSI eighty percent. He reduced the awards proportionately. The only issue is whether the evidence supports the trial judge’s granting of the motion for judgment notwithstanding the verdict.
In deciding a motion for judgment notwithstanding the verdict, the trial court must consider all of the evidence and the reasonable inferences in the light most favorable to the non-mover. The motion should be granted only if the evidence and inferences point so strongly in favor of the moving party that reasonable persons could not reach a contrary conclusion. Sanchez Fernandez v. General Motors Corp., 491 So.2d 633 (La.1986). On the other hand, if there is substantial evidence of such quality and weight that reasonable and fair minded persons might reach different conclusions, the motion should be denied. Blum v. New Orleans Public Service, Inc., 469 So.2d 1117 (La.App. 4th Cir. 1985) writ denied 472 So.2d 921.
The site of the accident was the intersection of Canal and Basin Streets in New Orleans. Both streets consisted of four lanes of traffic on each side of neutral grounds. Grade was in the process of making a right turn from Basin on to Canal when her automobile made contact with a NOPSI bus. According to Grade, as she approached Canal on Basin several NOPSI busses were in the parking lane and she came to a stop to the left of these busses behind other cars waiting for the signal light to change. When it did so, she moved forward past the busses including the one at the head of the line nearest Canal which was stopped when she passed it. She had just completed her turn when the right rear of her automobile was struck by the bus driven by Johnson.
On the other hand Johnson testified that when he finished taking on passengers he noticed Grade’s automobile stopped at the rear of his bus. In order for him to make a right turn from the parking lane of Basin in his forty-foot long bus he went forward into the third lane on Canal from the curb and while turning in this position the left front of the bus was struck by Grade’s car. *553 Helen Jones, a passenger on the bus, supported Johnson with testimony that Grade turned her car into the bus.
If Grade’s testimony is accepted she was almost out of the bus’s path when it ran into the rear of her car; all Johnson had to do to avoid this accident was to stop and yield to an automobile which was almost past the front of the bus in plain view of its driver. On the other hand if Johnson’s version is accepted as true Grade tried to maneuver her automobile around a bus which was moving forward in order to clear the curbing prior to making a sharp right turn and in the process got too close to the bus with her vehicle.
For the most part this is a credibility determination which the jury resolved in favor of Grade. In deciding whether or not to grant a motion for judgment N.O.V. the trial judge should not weigh the evidence, pass on the credibility of the witnesses, or substitute his factual judgment for the jury’s. Blum v. New Orleans Public Service, Inc., supra. This is what the trial court had to do in granting the motion. He had to reject Grade’s version even though the jury had accepted it.
In the Sanchez Fernandez case the court found that the accident could have been prevented if the decedent had yielded the right of way to a bus on a favored street and that a rational juror could not have reached a contrary conclusion. In the instant case a rational juror who believed Grade and disbelieved Johnson and Jones could and did conclude that Grade was well on her way in a turn onto Canal Street ahead of the bus in clear view of the bus driver when he drove his bus into her car.
NOPSI argues that Grade’s fault consisted of a violation of LSA-R.S. 32:101 which prescribes that a right turn shall be made “as close as practicable to the right-hand curb.” Under the version of facts most favorable to Grade she did not violate the statute. Several busses were blocking the lane next to the curb and she (along with other drivers) made her approach and turn in the next lane. This was the most “practicable” thing to do with the only alternative being to stop in the parking lane for an indefinite length of time while these busses took on and discharged passengers.
In the Blum case the court held that the trial court should grant the motion for judgment N.O.V. only if the facts and inferences point so strongly and overwhelmingly in favor of one party that reasonable persons could not arrive at a contrary verdict. This is not such a case. It is not even a case where the jury verdict is manifestly erroneous. It is one where the trial court could disagree with the verdict but was not authorized to substitute his opinion for the jury’s.
Accordingly, the judgment appealed from is reversed insofar as the trial court attributed any fault to Grade and there is judgment in favor of Earl M.J. Boydell and in favor of Lydia Bates both against New Orleans Public Service, Inc. in sums of $12,000.00 and $5,000.00 respectively with legal interest from date of judicial demand until paid and all costs of the proceedings.
REVERSED AND RENDERED.