HERBERT A. CADE, Judge Pro Tem.
These are appeals from a judgment in favor of George D. Oechsner, III dismissing suits for breach of an agreement to sell certain real estate and for recovery of a real estate commission. Oechsner agreed to sell the property subject to an existing mortgage to J.M. Lavigne, Sr. for $2.6 million and to pay Jasper Melilli a 6% fee. The agreement, signed December 20, 1982, required approval of the Pioneer Bank & Trust Company, the first mortgagee, and called for the act of sale to pass before Lavigne’s notary public on or before February 1, 1983.
December 29,1982 Oechsner entered into another agreement to sell the same property to a third party. This agreement also called for approval of the Pioneer Bank & Trust Company and for closing by February 1, 1983. By February 1, 1983 neither agreement had been approved and the sale did not take place.
The suits were consolidated and tried to a commissioner, who found that the agreement terminated of its own accord and recommended judgment in accordance with that finding. The trial court agreed, as do we.
The evidence simply does not support Lavigne’s claim that Oechsner prevented performance of the contract. Although Oechsner admitted he considered December 27, 1982 the deadline for obtaining approval from the bank; that he did not know whether the bank’s approval was forthcoming when he signed the second agreement; that he did not inform Lavigne of the second agreement; and that he considered the second agreement a ‘better deal’ and was not inclined to sell to Lavigne once the second agreement was reached; it was not established that this second agreement, which never received the bank’s approval, prevented consummation of the first. To the contrary, Melilli testified he was informed by the bank on January 6, 1983 that neither agreement was acceptable without a $260,000.00 letter of credit. No representative of the bank was called to testify.
In our view, the commissioner properly refused to supply this element of proof, where in law a contrary presumption arises. E.g., Arnone v. Anzalone, 481 So.2d 1047 (La.App.1st Cir.1985) (unexplained failure to call witness with peculiar knowledge of material facts raises presumption that testimony would be unfavorable). Lavigne’s contention that the bank failed to approve the agreement at Oechs-ner’s direction rests solely upon speculation and his suit was properly dismissed. Because Melilli did not produce a purchaser “ready, willing and able” to buy the property his claim for a commission must fail as well.
The judgment is correct and is affirmed.
AFFIRMED.