525 So.2d 134 (1988)
Randall B. BRADFORD, Plaintiff-Appellee,
v.
John C. PIAS, et al., Defendants-Appellants.
No. 87-135.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1988.
*135 Michael Davis, Alexandria, for plaintiffappellee.
Wilson & Walker, Gregory Walker, Alexandria, for defendants-appellants.
Before FORET and DOUCET, JJ., and SWIFTJ[*], J. Pro Tem.
FORET, Judge.
Plaintiff, Randall Bradford, brought suit against defendant, John Pias, and his insurer, Safeco Insurance Company, as a result of an intentional battery committed upon plaintiff. After a jury award of $5,000 in general damages plus medical expenses, the trial judge granted plaintiff's motion for a judgment N.O.V. and increased the award of general damages to $25,000. The defendants, John Pias and Safeco Insurance Company, appealed.

FACTS
This suit stems from an altercation which occurred outside the Fantasy Nightclub in Alexandria, Louisiana on July 29, 1984. Plaintiff was present at the nightclub as was the defendant and his girlfriend. At some point during the evening, plaintiff approached defendant's girlfriend and *136 made suggestive remarks to her. Defendant and his girlfriend asked plaintiff to leave and plaintiff did so. Plaintiff and defendant had no further contact with each other inside the nightclub. At some further point in the evening, approximately one and one-half hours after defendant had asked plaintiff to leave his and his girlfriend's presence, plaintiff was escorted out from the interior of the club to the parking lot outside. Plaintiff walked from the doorway of the nightclub out to the area where the automobiles were parked. As he was approaching a vehicle occupied by three girls, the defendant, who had previously exited the club, came from around the end of that occupied vehicle, walked up to plaintiff, and hit him with his fist, knocking him to the ground. As a result, plaintiff suffered a broken nose, two linear temporal skull fractures, one basilar skull fracture, a concussion, and lacerations to the face.
After a two-day jury trial, the jury returned a verdict of 70% fault of defendant and 30% fault of plaintiff. The jury awarded plaintiff $5,000 in general damages, plus his medical expenses of some $4,300. Thereafter, plaintiff timely filed a motion for a judgment N.O.V. and/or a new trial and/or an additur. The trial judge granted the judgment N.O.V. and found that defendant was 100% at fault and granted plaintiff general damages in the sum of $25,000 plus his medical expenses. Defendant appealed this judgment.

ASSIGNMENTS OF ERROR
1. The trial court erred in granting judgment N.O.V. and should have granted a new trial.
2. The trial court erred in vacating the jury's finding of fault on the part of the plaintiff.
3. The trial court erred in refusing to allow evidence of the plaintiff's conduct prior to the incident.
4. The trial court abused its discretion in granting the judgment notwithstanding the verdict.
5. The trial court abused its discretion in awarding damages.
6. The trial court committed manifest error in allowing the plaintiff to make certain closing arguments over defendant's objections.

JUDGMENT N.O.V.
Defendant's assignments of error nos. 1 and 4 both deal with a judgment N.O.V. and will be discussed together herein.
Defendant assigns as error no. 1 that the trial court erred in granting a judgment N.O.V. and should have granted a new trial. Basically, defendant argues that the trial judge found that the jury verdict was contrary to the law, and the proper remedy was a new trial and not a judgment N.O.V. Defendant argues that since the trial judge instructed the jury as to comparative negligence, then he cannot properly grant a judgment N.O.V. on the theory that comparative negligence does not apply in an intentional tort case. We disagree.
In Stafford v. Unsell, 492 So.2d 94 (La. App. 1 Cir.1986), the trial judge gave the jury a general instruction on comparative negligence. The jury came back with a finding of 100% fault on the part of one defendant. In ruling on a motion for a judgment N.O.V., the trial judge rendered a judgment not withstanding the verdict finding one defendant to be 30% negligent and one defendant to be 70% negligent. In affirming the trial court's ruling, the Court of Appeal stated that, "The trial court is predominantly determining legal questions which are clearly within its province." Likewise, it is proper for a trial judge to change a jury's verdict from 70%/30% on behalf of two parties to a finding of 100% on behalf of one party. Thus, a judgment N.O.V. is a proper vehicle for correcting a jury's verdict that was contrary to the law.
In assignment of error no. 4, defendant argues that the trial court abused its discretion in granting the judgment N.O.V. Defendant argues that there was absolutely no evidence at trial that defendant harbored any ill-will toward plaintiff or that he had indicated at any time during the evening that he planned to injure plaintiff. *137 Defendant further contends that there is a serious question of fact concerning the aggressor doctrine, i.e., whether or not plaintiff's actions were so provocative as to justify the hit by defendant.
The appropriate standard, as set forth in Blum v. New Orleans Public Service, Inc., 469 So.2d 1117 (La.App. 4 Cir.1985), writ denied, 472 So.2d 921 (La.1985), to be applied by the trial court in ruling on a motion for a judgment N.O.V. is as follows:
"In ruling on a motion for a judgment notwithstanding the verdict, pursuant to LSA-C.C.P. Art. 1810.1 (now substantially reenacted in LSA-C.C.P. Art. 1811), the trial judge considers all of the evidence and reasonable inferences in a light most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary verdict, the motion should be granted and the trial judge should render a judgment notwithstanding the jury's findings. On the other hand, if there is substantial evidence of such quality and weight that reasonable and fair minded persons in the exercise of impartial judgment might reach different conclusions, the motion for judgment N.O.V. should be denied. In applying this standard, the court does not weigh the evidence, pass on the credibility of the witnesses, or substitute its factual judgment for the jury's."
The record before us is absent of any explanation whatsoever by the defendant as to why he hit plaintiff. He readily admits in his testimony that he hit plaintiff, but offers no explanation for doing so. His testimony was exclusively limited to the fact that he hit plaintiff with his fist one time upon coming within one arm's length of plaintiff. Defendant, while not offering his own explanation as to what happened, asserts that the "lunge" by plaintiff as described by an eyewitness was sufficient provocation for the defendant to hit plaintiff. However, this eyewitness' testimony is ambiguous to the point where it is impossible to say that the "lunge" alluded to was one of a provocative or aggressive nature. The facts and inferences to be drawn from the lack of testimony of defendant on why he struck plaintiff, along with the total testimony of the eyewitness, point strongly and overwhelmingly in favor of the plaintiff that he did nothing to provoke the hit by the defendant. Therefore, we find that the trial court did not abuse its discretion in granting the judgment N.O.V.

VACATING JURY'S FINDING
In assignment of error #2, defendant contends that the trial judge erred in vacating the jury's finding of fault on the part of the plaintiff. In this view, we note that the trial court instructed the jury and included in the verdict form the defense of contributory negligence. In support of his determination that contributory negligence was not a defense to an intentional battery, and in vacating the jury's finding of fault on the part of plaintiff, the trial judge cited the case of Hebert v. First Guaranty Bank, 493 So.2d 150 (La.App. 1 Cir.1986). Defendant argues that Hebert is not applicable because the case at bar is not really a clear intentional tort but more a case of "reckless" behavior.
It is difficult for us to comprehend how the defendant can classify his behavior as "reckless" as opposed to "intentional" in light of his own admissions. As stated above, defendant admitted hitting plaintiff with his fist. There is no evidence in the record before us that defendant accidentally hit the plaintiff or that it was reckless of him to do so. Although plaintiff failed to object to the jury instruction, C.C.P. art. 1812(D) required the trial court to enter a judgment in conformity with the applicable law.
La.C.C.P. art. 1812 provides, in pertinent part:
"A. The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event, the court may submit to the jury written questions susceptible of categorical or other brief answer, or may submit written forms of the several special findings which might *138 properly be made under the pleadings and evidence, or may use any other appropriate method of submitting the issues and requiring the written findings thereon. The court shall give to the jury such explanation and instruction concerning the matter submitted as may be necessary to enable the jury to make its findings upon each issue. If the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue omitted unless, before the jury retires, he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding, or if it fails to do so, it shall be presumed to have made a finding in accord with the judgment on the special verdict.
. . . . .
D. The court shall then enter judgment in conformity with the jury's answers to these special questions and according to applicable law."
Therefore, we find that the inclusion of contributory negligence in the verdict form and the jury instruction therein were contrary to the law and evidence. As this resulted in a judgment contrary to the law, the trial court was correct in modifying and entering the judgment under C.C. P. art. 1812(D) and in accordance with the applicable law.

EVIDENCE OF PRIOR CONDUCT
Next, defendant complains that the trial court erred in refusing to allow evidence of the plaintiff's conduct prior to the incident. The conduct in question concerned plaintiff's behavior toward female patrons. Defendant contends that these actions of plaintiff are corroborative of the allegation that plaintiff was the aggressor. The trial court was of the opinion that plaintiff's actions throughout the evening, prior to the incident, had no relevance. We agree.
Defendant was seeking to offer into evidence testimony that plaintiff was making sexual overtones to women, in order to show plaintiff's aggressive nature on the
night in question. This evidence tends to prove plaintiff's behavior toward women but not his aggressive nature toward the defendant, and is therefore irrelevant. Further, evidence of plaintiff's remarks to female patrons of the bar would only have the effect of prejudicing the jury. Therefore, we find that the trial judge did not err in refusing to allow the evidence of plaintiff's conduct toward women prior to the incident.

DAMAGES
In his fifth assignment of error, defendant argues that the trial court abused its discretion in awarding damages.
La.C.C. art. 1999 provides that when damages are insusceptible of precise measurement, much discretion shall be left to the court for reasonable assessment of these damages. Before the award of a jury may be questioned as inadequate, the reviewing court must look first, not to prior awards, but to individual circumstances of the case before it. Reck v. Stevens, 373 So.2d 498 (La.1979).
In considering the evidence and reasonable inferences in a light most favorable to the defendant, the trial judge did not abuse his discretion in awarding damages. Plaintiff's injuries were extensive. His skull was fractured in three places, he had a broken nose, a concussion, and lacerations of the face. As a result of his head injuries, he went through a period of irrational behavior as well as a great deal of pain. The facts and inferences concerning plaintiffs injuries point so strongly and overwhelmingly in favor of plaintiff that the trial judge was correct and was within his authority in increasing the damage award.

CLOSING ARGUMENT
In his final assignment of error, defendant argues that the trial court committed manifest error in allowing the plaintiff to make certain closing arguments over defendant's objections. The statements of plaintiff to which the defendant objected concerned defendant's inability to show plaintiffs indoor behavior prior to the out-door *139 incident. In plaintiff's closing arguments, plaintiff's attorney stated:
"Mr. Walker had promised you that he was going to show you some evidence of some very abusive behavior of `Bo' in the bar. He didn't do that."
While the statement should not have been permitted, and the jury admonished to disregard it, we find that this was a harmless error by the trial court. There is ample evidence to support the jury's finding and the trial judge's J.N.O.V.
For the foregoing reason, the judgment of the trial court is affirmed. Costs of this appeal are to be assessed against defendants, John C. Pias and Safeco Insurance Company.
AFFIRMED.
NOTES
[*] Judge G. William Swift, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.