558 So.2d 625 (1990)
Charles and Joan HARDY
v.
CUMIS INSURANCE COMPANY and State Farm Mutual Automobile Insurance Company.
No. CA 89 0031.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
Writ Denied April 27, 1990.
*626 Arthur Cobb Ltd., Baton Rouge, for plaintiffs-appellants Charles and Joan Hardy.
Richard Creed, Jr., Baton Rouge, for defendants-appellants Cumis Ins. Co., et al.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
This is a wrongful death suit resulting from the accidental death of Harry Hardy on December 30, 1986. At approximately two o'clock a.m. on that date, Hardy and a group of friends exited a nightclub where they had been playing pool. Hardy had consumed an unknown amount of alcohol during the preceding hours.
Several of the group were riding in a vehicle driven by David Sikes, which was parked in close proximity to the exit. Hardy had arrived with another friend in a truck, parked a short distance away. When the Sikes vehicle passed Hardy who was still standing in front of the nightclub, Hardy jumped on the hood and requested a ride to the truck. Sikes then proceeded through the parking lot toward the truck. However, as the vehicle made a turn, Hardy fell off the hood and was fatally injured.
Harry Hardy's parents, Charles and Joan Hardy, subsequently brought this wrongful death suit against Cumis Insurance Company, Sikes' automobile liability insurer, and State Farm Mutual Automobile Insurance Company, their own uninsured/underinsured motorist carrier. Prior to trial, Cumis paid plaintiffs its full policy limits of $100,000.00 and was dismissed from the suit. State Farm also unconditionally tendered $25,000.00 to plaintiffs.
Following a trial by jury, a verdict was returned awarding plaintiffs $250,000.00 each in general damages, $16,101.95 in medical and funeral expenses and $10,000.00 in attorney's fees. The jury also returned special interrogatories finding Harry Hardy sixty percent at fault and David Sikes forty percent at fault in causing the fatal accident. The trial court subsequently rendered judgment for plaintiffs in the amount of $81,440.78, which was the amount awarded by the jury reduced by sixty percent and subjected to a credit of *627 $125,000.00 for monies already received. Plaintiffs filed a motion for judgment notwithstanding the verdict on the ground it was error to reduce their award by the decedent's percentage of fault. This motion was denied.
Both plaintiffs and defendant, State Farm, have now appealed the trial court judgment. The issues raised on appeal are (1) whether the trial court erred in reducing plaintiffs' recovery by the decedent's percentage of fault; (2) whether $250,000.00 in general damages to each parent was excessive; and, (3) whether State Farm is liable for attorney's fees on the basis that it was arbitrary and capricious in unconditionally tendering only $25,000.00 to plaintiffs and, if so, whether $10,000.00 is an adequate amount of attorney fees.

ISSUE ONE
Plaintiffs do not contest the allocation of sixty percent fault to their deceased son. Rather, they maintain the trial court erred in reducing their award of general damages by his percentage of fault. They argue the principle of comparative negligence established by C.C. art. 2323 is not applicable to their wrongful death action, which is a separate and distinct action from any that the decedent may have had, and is thus unaffected by his negligence.
Plaintiffs' argument is without merit since it has previously been held by both the Louisiana Supreme Court and this Court, that a plaintiff's recovery in a wrongful death action must be reduced under C.C. art. 2323 by the decedent's percentage of comparative fault. Murray v. Ramada Inns, Inc., 521 So.2d 1123, 1135 (La.1988); Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967, 974 (La.1985); Mergen v. Piper Aircraft Corp., 524 So.2d 1348 (La.App. 1st Cir.), writs denied, 532 So.2d 154, 155 & 156 (1988). Also see, Boubel v. Gilardi, 532 So.2d 948 (La.App. 5th Cir.1988); Douget v. Allen Parish Police Jury, 520 So.2d 813 (La.App. 3rd Cir. 1987). In Murray, 521 So.2d at 1135, the Supreme Court specifically stated that the plaintiffs should "recover the full amount of their damages, minus a percentage assessed as comparative fault [of the decedent]." Thus, the trial court did not err in reducing plaintiffs' recovery by their deceased son's percentage of comparative fault.

ISSUE TWO
Defendant argues the $250,000.00 general damage award made to each plaintiff was excessive and should be reduced to $150,000.00, the highest amount reasonably within the jury's discretion.
In reviewing an award of damages, an appellate court must look first not to prior awards, but to the individual circumstances of a particular case. Reck v. Stevens, 373 So.2d 498 (La.1979). Before a damage award can be disturbed upon appellate review, the record must reveal a clear abuse of the jury's discretion. Acy v. Aetna Cas. & Sur. Co., 499 So.2d 262 (La.App. 1st Cir.1986), writ denied, 503 So.2d 16 (1987). Even when an abuse had occurred, an appellate court cannot fix the award at what it considers an appropriate amount, but can only lower (or raise) the award to the highest (or lowest) award reasonably within the jury's discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). It is only at this point that a resort to prior awards is appropriate for the purpose of determining an award in the present case. Reck v. Stevens, supra.
In this case, the record reveals that Harry and his parents had an extremely close, loving relationship. At the time of his death, Harry was twenty-two years old and had been living in Baton Rouge for several years while attending college. He was only one semester short of graduating. Although his parents lived in Alexandria, they saw and spoke to him by telephone frequently. Harry continued to participate in numerous family activities.
There is no question that the circumstances of this case justify a substantial general damage award to each plaintiff. However, we reluctantly conclude the record does not justify the extraordinarily high awards made by the jury. Our review of the mass of cases involving wrongful *628 death of a major child indicates that plaintiffs' awards are greatly disproportionate to the awards made in similar cases. The highest amounts awarded in factually similar cases has generally been in the range of $150,000.00. In Acy v. Aetna Cas. & Sur. Co., supra, a case with very similar facts to the present one, this court reduced an award for the wrongful death of plaintiff's twenty-two year old son from $350,000.00 to $150,000.00, the highest amount it found to be within the jury's discretion. Also see, Johnson v. Georgia Cas. & Sur. Co., 488 So.2d 1306 (La.App. 3rd Cir.) writs denied, 493 So.2d 1223 and 1224 (1986) ($300,000.00 award for loss of nineteen year old son reduced to $125,000.00); Johnson v. Folse, 438 So.2d 1137 (La.App. 1st Cir.1983) ($145,000.00 awarded for death of twenty year old daughter); Williams v. City of New Orleans, 433 So.2d 1129 (La. App. 4th Cir.), writ not consid., 437 So.2d 1135 (1983) ($150,000.00 awarded for death of son in early twenties).
Given the facts and circumstances present in this case, we conclude that $175,000.00 is the highest amount reasonably within the jury's discretion. We find such an award is warranted by the extremely close and loving relationship between decedent and plaintiffs. The trial court judgment is amended accordingly.

ISSUE THREE
State Farm argues it was error to hold it liable for attorney's fees under La.R.S. 22:658. We agree.
An award of statutory attorneys fees is an item of special damages which must be specifically alleged. La.C.C.P. 861; Arnone v. Anzalone, 481 So.2d 1047 (La.App. 1st Cir.1985). In this case, plaintiffs did not specifically allege State Farm's conduct was arbitrary and capricious, nor did they pray for statutory attorneys fees under R.S. 22:658. Accordingly, it was error for an award of attorney fees to have been made. Arnone, supra.
In any event, the record does not support a finding that State Farm was arbitrary and capricious, even if such an allegation had been made.
Under R.S. 22:658, an insurer may be liable for penalties and reasonable attorneys fees if it arbitrarily and capriciously fails to pay a claim within sixty days after receiving satisfactory proof of loss. If it has been adequately established that an insurer is liable for some general damages, but not precisely how much, the insurer must unconditionally tender the reasonable amount of damages due. McDill v. Utica Mut. Ins. Co., 475 So.2d 1085, 1091 (La. 1985) or it will be liable for penalties and attorneys fees under R.S. 22:658. Id. In such instances, the reasonable amount due is that amount over which "reasonable minds could not differ". McDill at 1092.
In this case, Cumis paid plaintiffs $100,000.00 under its liability policy and State Farm unconditionally tendered $25,000.00 to plaintiff prior to trial. Following the trial, once the amount awarded by the jury was reduced by 60 percent and subjected to a credit of $125,000.00, the remaining amount due was $81,440.78. However, as indicated above, the general damage awards made by the jury were excessive and must be reduced. After an adjustment is made for this reduction, the amount due plaintiffs', excluding any attorneys' fees, is only $21,440.78.
Considering the broad range of the jury's discretion in this case, both as to the amount of general damages suffered and the extent of the decedent's comparative fault, we are unable to conclude there was an amount due over and above that previously received by plaintiffs over which reasonable minds could not disagree. There was no evidence State Farm acted arbitrarily or capriciously in failing to tender more than $25,000.00 under the circumstances present. Thus, the award of attorney's fees in this case must be reversed.

CONCLUSION
For the above reasons, the judgment of the trial court is amended to reduce the award of general damages to each plaintiff from $250,000.00 to $175,000.00 each and to delete the award of attorney fees. The judgment of the trial court is affirmed in *629 all other respects. Plaintiffs are to bear the costs of appeal.
AMENDED AND AFFIRMED.