BYRNES, Judge.
Kim Anderson appeals a judgment notwithstanding the verdict ultimately reducing a jury award for the wrongful death of her son. We affirm.
On July 30, 1987, Dennis Anderson, a three-year-old, was killed when he was struck by a New Orleans Public Service (NOPSI) truck operated by Gerald Joseph during the course of his employment. The accident occurred at approximately 2:00 p.m. in the 1200 block of South Dorgenois Street in New Orleans. Dennis and his three cousins, ten-year-old Otis and eight-year-old Shantell Bailey, along with nine-year-old Cornell Webb, left the Rosenwald Pool near the Calliope Project close to Chester School. Other children were in the area when the pool closed. Cornell, Otis, Shantell and Dennis crossed the park behind the pool, crossed Clio Street behind the park, and went toward South Dorge-nois. Cornell walked together with Otis while Shantell and Dennis were picking berries from a vine on a fence at the curve in the street where Clio turned into South Dorgenois. After Cornell and Otis crossed South Dorgenois, Shantell let go of Dennis’ hand and crossed the street. Dennis went into the street and was hit by the NOPSI truck that had turned right from Clio onto South Dorgenois.
Kim Anderson filed a wrongful death action against NOPSI and Gerald Joseph. After a trial on the merits, the jury awarded Kim Anderson $325,000 and assessed 90 percent fault to the defendants, and 10 percent fault to the plaintiff. The trial judge entered a judgment based on the jury verdict in favor of Kim Anderson in the amount of $292,500, together with legal interest and all costs.
Thereafter, the trial court granted defendants’ motion for judgment notwithstanding the verdict, reducing the judgment to $76,401.00. In his reasons for judgment, the trial judge increased the percentage of fault assigned to the plaintiff from 10 percent to 50 percent. He also reduced the damage award from $325,000 to $150,000 for the wrongful death claim and funeral expenses of $2,801.00. Defendants’ motion for new trial was denied; however, the trial judge stated that he would grant a new trial if this court altered the appointment of negligence by more than 25 percent. Plaintiff’s appeal followed.
On appeal, Kim Anderson contends that the trial court erred in (1) raising the assessment of plaintiff’s fault and (2) reducing the amount of general damages.
In deciding a motion for judgment notwithstanding the verdict, the trial court must consider all the evidence and the reasonable inferences in the light most favorable to the non-mover. Boydell v. New Orleans Public Service, Inc., 503 So.2d 551 (La.App. 4th Cir.1987). The motion should be granted only if the evidence and inferences point so strongly in favor of the moving party that reasonable persons could not reach a contrary conclusion. Sanchez Fernandez v. General Motors Corp., 491 So.2d 633 (La.1986), rehearing denied. On the other hand, if there is substantial evidence of such quality and weight that reasonable and fair minded persons might reach different conclusions, the motion should be denied. Blum v. New Orleans Public Service, Inc., 469 So.2d 1117 (La.App. 4th Cir.1985), writ denied, 472 So.2d 921 (La.1985).
In assessing fault, the trial judge found that the plaintiff failed to properly supervise her child in accordance with community standards. Plaintiff argues that the appropriate standard to be applied to Kim Anderson is not the standard of a typical urban family but of a poor single mother living in a housing project in New Orleans.
A motorist must exercise reasonable caution consistent with the prevailing situation; however, a motorist is not the insurer of a child’s safety. Augustine v. Griffin, 525 So.2d 540 (La.App. 5th Cir.1988), writ denied 532 So.2d 118 (La.1988); a parent is required to use reasonable precautions with regard to a child under his supervision, as judged by commonsense standards *777 for a reasonably prudent person under similar circumstances. Angus v. Scheppegrell, 472 So.2d 573 (La.1985), on remand, 489 So.2d 392 (La.App. 5th Cir.1986), writ denied, 494 So.2d 331 (La.1986); Humphries v. T. L. James & Co., 468 So.2d 819 (La.App. 1st Cir.1985), writ denied, 470 So.2d 123 (La.1985).
Kim Anderson testified that on the day of the accident while she was staying at her Aunt Gail Bailey’s apartment in the Calliope Project, she experienced menstrual pains. She asked Gail Bailey to watch the children because Ms. Anderson felt drowsy after taking medicine. Ms. Anderson then fell asleep. Moses Pettis, the investigating officer, testified that he interviewed the three children who were with Dennis on the day of the accident. Cornell Webb stated to the officer that Kim Anderson gave Dennis permission to go swimming with the other children. Otis Bailey also related to Officer Pettis that when they got permission to go to the swimming pool, Aunt Kim told Cornell to hold Dennis’ hand. However, Otis testified at trial that he did not talk to' the police after the accident and did not tell the police that they got permission to go to the swimming pool. Cornell also testified that he never talked to the police about the accident. At trial Cornell stated that it was his and Otis’ idea to go swimming and they did not tell anyone in the apartment that they were going. Both Otis and Cornell testified that Dennis could not swim. Kim Anderson asserted that she did not speak to the police at the time of the accident or later on August 24, 1987, when Officer Pettis related that he had interviewed the children, as well as the plaintiff.
The record revealed that several months before Dennis’ death, the State had taken Kim Anderson’s two children, Dennis and Dondrell, away from her for approximately 45 days because the children were left unattended. Ms. Anderson asserted that it was her grandmother’s fault because the plaintiff left her children with the grandmother, Minnie Smith, while Ms. Anderson ran some errands.
There was conflicting testimony as to whether Ms. Anderson gave permission to Dennis to go with the other children or whether Ms. Anderson asked Gail Bailey to watch the children. However, the result was that Dennis went to the swimming pool with the children and was being “supervised” by a ten-year-old, nine-year-old, and eight-year-old cousins.
At the time of the accident Ms. Anderson was 22 years old. She testified that she had dropped out of school in the eleventh grade. She had previously experienced the loss of her children when they were taken by the State for lack of supervision. Plaintiff failed to establish that different social standards should prevail. According to commonsense standards for a reasonably prudent person under these circumstances, we conclude that Ms. Anderson clearly failed to provide adequate supervision for her three-year-old child. The jury was clearly wrong in assessing 10 percent fault to the mother and we agree with the trial judge’s assessment of 50 percent fault to Kim Anderson for her negligence or the negligence imputed to her through Gail Bailey.
In respect to the damage award, an appellate court should not disturb quantum unless the trial court abused its “much” discretion. Reck v. Stevens, 373 So.2d 498 (La.1979). However, where the trial court is convinced that reasonable minds could not differ as to the amount of damages in light of the evidence, the court should have authority to grant the appropriate judgment notwithstanding the verdict. Bellard v. CNA Ins. Co., 503 So.2d 1104 (La.App. 3rd Cir.1987), writ denied, 506 So.2d 1228 (La.1987) reconsideration denied, 508 So.2d 817 (La.1987); Roger v. Concienne, 538 So.2d 670 (La.App. 4th Cir.1989), writ denied, 542 So.2d 1382 (La.1989). The court must look first, not to prior awards, but to the individual circumstances of the present case. Lang v. Prince, 447 So.2d 1112 (La.App. 1st Cir. 1984), writ denied, 450 So.2d 1309, writ denied, 450 So.2d 1311 (La.1984); Szwedt v. State Farm Mut. Auto. Ins. Co., 479 So.2d 453 (La.App. 1st Cir.1985), writ de *778 nied 483 So.2d 1022 (La.1986). The reviewing court is limited to the highest amount the factfinder could have reasonably awarded under the circumstances. Emerson v. Empire Fire and Marine Ins. Co., 393 So.2d 691 (La.1981); Roger v. Cancienne, Id., 538 So.2d at 673.
In reviewing the evidence, we find discrepancies between the testimony of the plaintiff and children and the testimony of the investigating officer, an uninterested witness, in this particular case. The evidence showed additional inconsistencies of whether the children were walking or running to cross the street, whether there were cars parked on the right side of the street that obstructed the driver’s view, whether Dennis was hit on the driver’s left side or whether Dennis ran toward the truck, fell, slid under, and was rolled over by the truck’s rear right tire. The speed of the truck was also disputed. No traffic or criminal charges were filed against the truck driver, Gerald Joseph.
With respect to quantum, we are convinced that the jury clearly abused its discretion in awarding the plaintiff $325,-000 for general damages. As the trial judge pointed out, the claim for damages was limited to a wrongful death action and did not include a damage claim for a survival action, thereby excluding an award for the decedent’s pain and suffering.
We now consider awards in similar eases. In the 1984 decision, Lang v. Prince, Id., the appellate court upheld the trial court’s award of $150,000 for general damages for the wrongful death of a 14 year-old boy killed when a car struck a utility pole. In 1985, the award of $50,000 to each parent was affirmed by the appellate court for the death of a 17-year-old daughter in a head-on automobile collision in Szwedt v. State Farm Mitt. Ins. Co., Id. In Bullard v. State Dept. of Trans. and Development, Office of Highways, 413 So.2d 606 (La.App. 1st Cir.1982), the appellate court reduced an award of $150,000 per parent in finding that the highest award that could be granted to each parent was $100,000 for the wrongful death and survival action of a 27-year-old son who died 65 days after a tree fell onto his vehicle. The appellate court upheld an award of $125,000 for each parent for the wrongful death of their six-year-old son David, who was killed as a result of an automobile and three-wheel motorcycle accident in Pawlak v. Brown, 430 So.2d 1346 (La.App. 3rd Cir.1983), writ denied, 439 So.2d 1072 (La.1983). In Whittington v. American Oil Co., 508 So.2d 180 (La.App. 4th Cir.1987), writ denied, 512 So.2d 436 (La.1987), this court affirmed total general damage awards to two parental couples. The jury awarded $404,630.00 ($202,315.00 to each parent) and $477,-128.00 ($238,564.00 to each parent) respectively to each couple for the loss of two teenage girls who were killed when an eighteen-wheel tractor-trailor truck broadsided an automobile occupied by the deceased.
In Acy v. Aetna Cas. & Sur. Co., 499 So.2d 262 (La.App. 1st Cir.1986), writ denied, 503 So.2d 16 (1987), the mother’s wrongful death action was based on the death of her twenty-two-year old son killed in a fraternity house fire. In that case the appellate court reduced an award of $350,-000 to the mother to $150,000 as the highest amount reasonably within the jury’s discretion. In Antley v. Yamaha Motor Corp., U.S.A., 539 So.2d 696 (La.App. 3rd Cir.1989), the appellate court awarded $50,-000 to each parent for the wrongful death of their seven and one-half-year-old son who was riding on an all terrain vehicle which capsized and fell on him. In Lemire v. New Orleans Public Service, Inc., 538 So.2d 1151 (La.App. 4th Cir.1989), writ denied 542 So.2d 1383, writ denied 543 So.2d 2 (La. 1989), this court upheld an award of $100,000 to each parent for the wrongful death of their nineteen-year-old son who was killed when his vehicle struck an obstacle in the street. In Hardy v. Cumis Ins. Co., 558 So.2d 625 (La.App. 1st Cir.1990), writ denied, 559 So.2d 1385 (La.1990), the appellate court reduced a jury award of $250,000 to $175,000 to each parent for the death of their twenty-two-year-old son when he fell from the hood of an automobile on which he was riding.
*779 We find that the jury award of $325,000 is excessive compared to similar prior awards. In compliance with jurisprudential standards in Louisiana, we find that $150,000 is the highest amount reasonably within the jury’s discretion given the facts and circumstances present in this case.
We conclude that the trial court’s judgment notwithstanding the verdict- was not manifestly erroneous or an abuse of discretion as to quantum. For the foregoing reasons, that judgment is affirmed with costs assessed to the appellant.
AFFIRMED.
WILLIAMS, J., concurs with reasons.