499 So.2d 262 (1986)
Anna Belle ACY
v.
AETNA CASUALTY & SURETY CO., et al.
No. 85 CA 0977.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
Writ Denied March 13, 1987.
*263 Ralph D. Hillman, Thibodaux, for plaintiff-appellee Anna Belle Acy.
Joseph Reilly, Jr., Houma, for defendants-appellants Aetna Cas. & Sur. Co. and Redleaf Corp.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
The single issue on appeal in this case is whether a jury award of $350,000 to a mother for the wrongful death of her 22 year old son is excessive, and constitutes an abuse of discretion. We conclude that the record reveals that the jury abused its discretion in making this award. Accordingly, we reduce it to the highest point reasonably within the jury's discretion.

FACTS
Drew Richard Acy tragically lost his life in a fraternity house fire at Nicholls State University in Thibodaux, on January 6, 1984. The fire broke out in the early morning hours while Drew was in his upstairs bedroom sleeping. The fire was caused by old and faulty wiring in the house. There was evidence that Drew woke up and attempted to escape, but was overcome by fumes. It could not be clearly established whether he died primarily from smoke inhalation or burns.
Drew's mother, Anna Belle Acy, brought this wrongful death action against Red Leaf Corporation, the owner/lessor of the house and its insurer, Aetna. The jury entered a verdict against Red Leaf and awarded $10,000 for Drew's pre-death pain and suffering and $350,000 to Anna Acy for her grief, mental anguish and loss of love, companionship and society on the wrongful death claim. The trial court denied defendants' motion for a new trial on the issue of damages. On appeal, defendant's contest only the award of $350,000. Plaintiff has not appealed, nor answered defendants' appeal.

EXCESSIVENESS OF AWARD
Before an appellate court can reverse an award made by the finder of fact, it must find that the record clearly shows an abuse of discretion in making the award. The appellate court cannot fix the award at what it considers to be a reasonable amount, but can only lower the award to the highest amount reasonably within the discretion afforded the trier of fact. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Only at that point is resort to prior awards appropriate for the purposes of determining an award in the present case. Reck v. Stevens, 373 So.2d 498 at 501 (La.1979). However, to a limited extent, where the facts and circumstances of the award are very similar to those of prior awards, and where the present award is shown to be greatly disproportionate to the prior award, those prior awards can be used in the initial determination of excessiveness or insufficiency. Reck, 373 So.2d at 501.
The record shows that Drew and his mother had a very close, if not exceptionally close relationship. This close relationship was due in large part to the death of Drew's father seven years prior to this incident and the fact that Drew was the *264 youngest child in his family of four. The record also shows a trouble free and loving relationship between Drew and his mother while Drew was at home. Later, when he moved away to college, they visited each other frequently. Drew kept a framed picture of his mother by his bed.
It is always with great reluctance and trepidation that an appellate court reviews an award to a parent for the loss of a child. It is very difficult to try to tell a mother what her son is "worth" to her. However, as Judge Rubin noted in Caldarera v. Eastern Airlines, Inc., 705 F.2d 778 (1983):
The loss of a loved one is not measurable in money. Human life is, indeed, priceless. Yet the very purpose of the lawsuit for wrongful death is to fix damages in money for what cannot be measured in money's worth. Unless we are to accept any verdict, in whatever amount, as a legally acceptable measure, we must review the amount a jury or trial court awards. Reassessment cannot be supported entirely by rational analysis. It is inheritantly subjective in large part, involving the interplay of experience and emotions as well as calculation. The sky is simply not the limit for jury verdicts. 705 Fd.2d at p. 784.
We do not find an adequate basis in the record to justify the award in this case. While the record discloses a very close relationship between plaintiff and her son, there is nothing to indicate that the relationship was extraordinary enough to justify such an extraordinary award. The $350,000 award was extraordinary. We are guided in this determination by noting prior awards made pursuant to facts and circumstances similar to this case. Reck, 373 So.2d at 501. In Williams v. City of New Orleans, 433 So.2d 1129 (La.App. 4th Cir.1983), appl. not considered, 437 So.2d 1135 (La.1983), a mother was awarded $150,000 for the loss of her son where she had acted as both father and mother to the son from an early age and the relationship was described as "very close". In Johnson v. Folse, 438 So.2d 1137 (La.App. 1st Cir. 1983), another "very close" relationship between mother and daughter resulted in an award of $145,000 to the mother for the loss of her 20 year old daughter. Finally, in Lang v. Prince, 447 So.2d 1112 (La.App. 1st Cir.1984), $150,000 was awarded to a mother for the loss of her 18 year old son under circumstances where an extraordinary close relationship was indicated.
We find the instant award is greatly disproportionate to these factually very similar prior awards. We conclude that $150,000 is the highest amount reasonably within the jury's discretion under the particular facts of this case.

DECREE
Accordingly, we amend the award in question reducing it to $150,000. The judgment is otherwise affirmed. Defendants to pay all costs.
AMENDED AND AFFIRMED.