liKNOLL, Judge,
concurring on rehearing.
For the following reasons, I respectfully concur on rehearing.
Concerning the survival damages, I adhere to my views expressed earlier in my concurrence in part and dissent in part. I fully agree with the survival damage award of $50,000. This award is in keeping with the jurisprudence set in Dent v. Perkins, 93-405 (La.App. 4 Cir. 12/16/93); 629 So.2d 1354, writ denied, 94-0116 (La. 3/18/94); 634 So.2d 853. This award represents the baby’s pain and suffering. The record shows that Dr. Joan Milner, a pathologist, testified: that the unborn baby girl (the parents knew the baby was a girl and named her Ashley Virginia) had no congenital abnormalities; that the cause of her death was suffocation which would have produced fetal distress before dying; and, that pain was a stimuli a full *858 term baby would feel in response to fetal distress. The evidence established that Kris Wartelle had a completely normal “uneventful” pregnancy and expected to deliver a healthy baby girl. She entered the hospital in the late evening hours and her labor appeared to be routine. The fetal monitor was removed and that is when the baby went into distress, suffocated, and died. When the monitor was reapplied 1% hours later, there |2was no heartbeat. It is very difficult to quantify pain under any circumstance, but we are called upon to do so and must. This baby suffered the pain of suffocation for Vk hours more or less. While the duration of the pain is not firmly established, the pain of dying was firmly established. We note that in Dent, supra, the evidence was lacking to support that the infant consciously suffered prolonged pain and the jury awarded survival damages of $100,000, which was reduced to $50,000 on appeal. We feel that the Wartelle infant is entitled to at least $50,000 in survival damages.
Concerning the Wartelles’ mental anguish and emotional distress damages under La. Civ.Code art. 2315.6, the majority finds $25,-000 to each parent appropriate. I agree that this award is completely reasonable in view of this tragic accident that is so heart rending.