JjDECUIR, Judge.
Plaintiff appeals a trial court judgment granting a motion for summary judgment in favor of defendants and dismissing his survival action. For the reasons that follow, we reverse the judgment of the trial court.
FACTS
On June 5, 1997, Navern Rhodeman, Jr. was riding his bicycle when he was struck from behind by a van driven by Johnny R. Shaw. The van was owned by Shaw’s employer, the Rapides Parish School Board, and Shaw was acting in the course and scope of his employment at the time of the accident. The van was insured by Coregis Insurance Company. Rhodeman suffered significant injuries and, subsequently, died.
At the time of the accident Shaw exited his van and went to Rhodeman who was laying on the ground. Shaw indicated for the record that Rhodeman blinked his eyes and Shaw left to get help. The accident report filed in response to this incident noted the time of the accident as 11:33 a.m. and the death certificate placed the time of death at 12:15 p.m.
Charley Cheney, in his capacity as administrator of Rhodeman’s succession and individually along with other heirs and legatees, filed wrongful death and survival actions against Shaw, the Rapides Parish School Board, and Coregis. The wrongful death actions were dismissed, as none of the - heirs were related in the degree required by the statute. Only the survival action filed by Charley Cheney, in his capacity as administrator of Rhodeman’s succession, remained. The defendants filed a motion for summary judgment, which was granted by the trial court. Cheney lodged this appeal.
| .SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Potter v. First Federal S & L, 615 So.2d 318 (La.1993). A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there exists no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Haywood v. Louisiana Sugar Cane Products, 96-1151 (La.App. 3 Cir. 3/5/97); 692 So.2d 524.
The first issue that must be addressed in reviewing a trial court’s grant of summary judgment is whether any genuine issues of material fact exist. Smith v. Our Lady of the Lake Hosp. Inc., 93-2512 *1123 (La.7/5/94); 639 So.2d 730, appeal after remand, 96-1837 (La.9/27/96); 680 So.2d 1163. The reviewing court must next address whether reasonable minds could conclude, based on the facts presented, the mover is entitled to judgment. Id. In other words, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole issue remaining is the conclusion to be drawn from the relevant facts. Id.
Cheney contends that the trial court erred in concluding that there was no genuine issue of material fact in dispute. He argues that the accident report establishing the time of the accident as 11:33 a.m., the death certificate noting the time of death as 12:15 p.m., and the statement from Shaw that Rhodeman blinked his eyes were sufficient to place Rhode-man’s consciousness in dispute. We agree.
In order to be successful in a survival action, Louisiana law requires evidence that there was actual conscious suffering by the deceased prior to death. Schexneider v. Louisiana Dept. of Health and Hosps., 95-32 (La.App. 3 Cir. 6/14/95); 660 So.2d 508. In Jones v. State, Dept. of Health and Hospitals, 95-1130, pp. 11-12 (La.App. 3 Cir. 3/27/96), 671 So.2d 1074, 1080, this court said:
Damages for pain and suffering are properly awarded if there is a scintilla of evidence of any suffering or pain on the part of the deceased by his actions or otherwise. Prince v. Mattalino, 583 So.2d 541 (La.App. 3 Cir.1991). The pain and suffering of a deceased are not assumed; nonetheless, awards in survival actions have been upheld as within the trial court’s discretion even in the absence of testimony of the deceased’s pre-death pain. In Dent v. Perkins, 629 So.2d 1354 (La.App. 4 Cir.1993), writ denied, 634 So.2d 853 (La.3/18/94), the parents of an infant who lived only thirty-six hours were permitted to recover for the child’s pain and suffering even though the child did not appear to be conscious after birth and there was no movement detected. See also Brown v. Department of Transportation, 604 So.2d 99 (La.App. 3 Cir.1992).
After reviewing the record in this case, we find the trial court erred in granting the motion for summary judgment. Cheney established that for at least forty-two minutes Rhodeman was not declared dead and that during that time he at least blinked his eyes. This was sufficient to demonstrate that whether he consciously suffered remained a genuine issue of material fact in dispute. Plaintiff is not required to try its case to prevail at a motion for summary judgment. Accordingly, the trial court erred in granting the motion for summary judgment.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for further proceedings. All costs of these proceedings are taxed equally among appellees.
REVERSED AND REMANDED.