^J^EZELL, J.
This appeal arises from a survival action brought by the heirs of Navern Rhodeman, Jr. against Johnny Shaw, Mr. Shaw’s employer, and its insurer. Mr. Rhodeman’s succession representative, Charles Cheney, appeals the trial court’s finding that the estate failed to prove that Mr. Rhodeman consciously suffered pain before his death and the ruling that the succession representative could not recover Mr. Rhode-man’s medical and funeral expenses. For the following reasons, we affirm the decision of the trial court in part and reverse in part.
The facts of this case are undisputed. On June 5, 1997, Mr. Rhodeman was riding his bicycle on Eddie Williams Boulevard in Alexandria. Johnny Shaw was driving a van owned by his employer, the Rapides Parish School Board, in the same direction. Mr. Shaw saw Mr. Rhodeman on his bicycle as he approached him in the van. Mr. Shaw glanced down at his speedometer and struck Mr. Rhodeman from behind. Mr. Rhodeman suffered a compressed skull fracture and died as a result.
At the time of the accident, Mr. Shaw exited his van to check on Mr. Rhodeman, who was then on the ground. Mr. Shaw saw Mr. Rhodeman blink his eyes twice, then close them half-way. Mr. Rhodeman did not make any sounds or move his arms or legs while Mr. Shaw was with him. Mr. Shaw then left to go get help. No one ever saw Mr. Rhodeman conscious again. The accident report filed in response to this incident noted the time of the accident as 11:33 a.m., and the death certificate placed the time of death at 12:15 p.m.
Mr. Cheney, along with other heirs and legatees, filed wrongful death and survival actions against Mr. Shaw, the Rapides Parish School Board, and Coregis, the School Board’s insurer. The wrongful death actions were dismissed, as none of the heirs were related in the degree required to bring a wrongful death action. Only the | ¡.survival action filed by Mr. Cheney in his capacity as administrator of Mr. Rhodeman’s succession remained. The trial court granted a summary judgment in favor of the Defendants, which was reversed by this court. Cheney v. Coregis Ins. Co., 00-1576 (La.App. 3 Cir. 2/28/01), *172 782 So.2d 1121, Writ denied, 01-773 (La.5/4/01), 791 So.2d 659. The case was remanded for trial on the merits. The trial court found that Mr. Cheney failed to prove by a preponderance of the evidence that Mr. Rhodeman consciously suffered prior to his death. From this decision, Mr. Cheney appeals.
In his appeal, Mr. Cheney asserts three assignments of error: that the trial court applied an incorrect burden of proof, that the trial court erred in its conclusion that Mr. Rhodeman did not suffer from the time of impact until the time of death, and that the trial court erred in refusing to allow Mr. Cheney as succession representative to recover the medical and funeral expenses incurred as a result of the accident.
In his first assignment of error, Mr. Cheney claims that the trial court applied an incorrect burden of proof. In its written reasons, the trial court stated that “the plaintiffs failed to prove beyond a preponderance of the evidence that Rhodeman sustained the injuries claimed.” It is obvious that the trial court applied the correct standard of review to these facts, as “beyond a preponderance of the evidence”, is not a legal burden of proof. It is clear that the trial court intended to say “by” instead of “beyond” and that the word “beyond” was a simple inadvertence in the reasons for judgment. This assignment has no merit.
In his second assignment of error, Mr. Cheney alleges that the trial court committed error in finding that Mr. Rhodeman did not suffer prior to his death. A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 5491 aSo.2d 840 (La.1989). In order to reverse a trial court’s findings of fact, an appellate court must, after reviewing the record in its entirety, find that 1) a reasonable factual basis does not exist for the finding of the trial court, and 2) the appellate court must further determine that the record establishes that the finding is clearly wrong or manifestly erroneous. Stobart v. State through DOTD, 617 So.2d 880 (La.1993). The reviewing court must always keep in mind that “[i]f the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
In this case, the record contains little evidence as to the state of Mr. Rhodeman after the accident. The only witness to see Mr. Rhodeman even possibly conscious was Mr. Shaw. Even then, Mr. Rhodeman did not move or moan. He simply blinked his eyes. When the ambulance arrived on the scene, the emergency medical technicians found Mr. Rhodeman unconscious. He was likewise unconscious when he arrived at the hospital. In his deposition, Dr. Frank Brinkman, the treating physician, testified that while blinking could have been a “life response,” he stated that he could not say for sure that it was, or that Mr. Rhodeman was suffering. While what happened to Mr. Rhodeman was truly tragic, based on what little evidence was present in the record, we have no choice but to conclude that there was, in fact, a reasonable basis for the findings of the trial court. Therefore, the trial court’s ruling cannot be manifestly erroneous and will remain undisturbed.
Finally, in his third assignment of error, Mr. Cheney claims that the trial court erred in failing to allow him, as the succession representative, to recover the medical expenses and funeral expenses incurred as *173 a result of the accident. Louisiana Civil |4Code Article 2315.1(A) and (B) state:
A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased’s succession representative in the absence of any class of beneficiary set out in Paragraph A.
As a result of the accident, Mr. Rhodeman incurred medical expenses totaling $2,864.00. His estate is left to pay these bills. Since these debts were incurred as a direct result of the accident and were incurred before Mr. Rhodeman was declared legally dead, there is no question that under Article 2315.1, Mr. Cheney, as succession representative, is entitled to recoup these expenses. The Defendants even admit to such in brief. Accordingly, Mr. Cheney is hereby awarded $2,864.00.
Mr. Cheney also seeks to recover an additional $3,712.42 in funeral expenses in-eurred as a result of Mr. Rhodemans death. As noted above, if there is no surviving spouse, child, parent or sibling, Article 2315.1(B) (emphasis ours) gives the succession representative “the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense.” Acts 1986, No. 211 amended La.Civ.Code art. 2315 by deleting certain language from that article and enacting La.Civ.Code art. 2315.1 and La.Civ.Code art. 2315.2 to replace the deleted | slanguage. The original amendment allowed the succession representative to recover “medical and funeral expenses only.” Acts 1987, No. 675 “increased the damages recoverable” to those now in the statute. F.L. Maraist and T.G. Galligan, Jr., Louisiana Tort Law § 18-2(d) (Michie 1996). It is clear that the funeral expenses are damages caused by the accident. Therefore, they fall within the scope of La.Civ.Code art. 2315.1(B). Mr. Cheney, as succession representative, should be allowed to recover the funeral expenses. To disallow this would be to give a windfall to any tortfeaser whose negligence kills someone with distant or no relatives. He is hereby awarded $3,712.42 for funeral expenses.
For the reasons stated above, the judgment is reversed to include an award of $6,576.42 for medical and funeral expenses in favor of Mr. Cheney and is affirmed in all other respects. Costs of this appeal are to be split between the parties.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.